

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 12, 1969

Honorable William J. Burke          Opinion No. M-392
Executive Director
State Board of Control              Re:  Is the Board of Control
Sam Houston State Office                 required to make an award
  Building                               based on a bid which is
Capitol Station                          low only because of a
P. O. Drawer GG                          cash discount, which the
Austin, Texas   78711                    Board finds cannot be
                                         legally earned under the
Dear Mr. Burke:                          terms of the bid proposed?

        You have requested our opinion on the following
question, to wit:

        "Is the Board of Control required to
    make an award based on a bid that is low
    only by virtue of a cash discount, when
    it has been determined by the Board of
    Control, on the basis of facts and in-
    formation available to it, that the cash
    discount may not be legally earned under
    the terms of the bid proposal?"

        The Board of Control put out bid invitations
on letterpress printing, as authorized by the State Pur-
chasing Act of 1957 (Article 664-3, V.C.S.).  You state
that the Mouton Printing Company of Houston, Texas, sub-
mitted a bid containing a 5% cash discount.  The Board
of Control found as a matter of fact that said cash dis-
count cannot be legally earned by the State under the bid
proposal.  Since we have not been furnished all of the
facts, we are not in a position to pass upon any law ques-
tion, which might be posed therefrom, such as whether the
Board's decision amounted to an abuse of discretion.

        The Board of Control has the authority to reject
all bids, or parts of bids, when the interest of the State
will be served thereby.  Article XVI, Section 21, Constitu-
tion of Texas; Article 664-3, Section 8(e), V.C.S.  In
determining the lowest, responsible and best bid the Board
is required to consider those factors set out in Section
8(f) of said Article 664-3.  After considering the stat-
utory and consititutional requirements, the Board of Control

has the discretionary right to determine the lowest, responsible and best bid.

The Board of Control has determined that, under the facts, the State is unable to pay for the letterpress printing in time to earn the cash discount. Assuming that the cash discount cannot be legally earned, the Board shall award the contract to the bidder which it considers to have submitted the lowest, responsible and best bid without regard to the cash discount provision.

S U M M A R Y

In determining the lowest and best bid the Board of Control must consider the statutory requirements contained in Section 8(f) of Article 664-3, V.C.S. Where a cash discount is authorized in a bid proposal which the Board of Control determines, as a matter of fact, cannot be earned by the State, and assuming that the cash discount cannot be legally earned, the Board of Control shall award the contract to the bidder it finds to have submitted the lowest, responsible and best bid without regard to the cash discount.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Z. T. Fortescue III
Scott Garrison
Bill Allen
John Banks

W. V. Geppert
Staff Legal Assistant